UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD J. ABRAMO, ROBERT V.
BROWN, and JOHN A. TOMASSETTI,

                         Plaintiffs,

    -against-                                     1:09-CV-269 (LEK/DRH)

TEAL, BECKER & CHIARAMONTE,
CPA's, P.C., and JAMES W. DRISLANE,
CPA,

                         Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

On May 12, 2010, the Court issued a Memorandum-Decision and Order (Dkt. No. 18) (the "May Order") in the above-captioned case, granting, in part, Defendants' Motion to dismiss (Dkt. No. 5). The Court's May Order dismissed with prejudice that portion of Plaintiffs' first cause of action, see Compl. (Dkt. No. 1, Ex. D), predicated on Defendants' allegedly negligent conduct prior to March 21, 2005, as the Court determined any claim for relief for that conduct was barred by the applicable statute of limitations. The Court dismissed without prejudice that portion of the first cause of action predicated on alleged negligence occurring after March 21, 2005. Id. The Court also dismissed Plaintiffs' remaining claims. Id.

Presently before the Court is Plaintiffs' Motion brought pursuant to Federal Rule of Civil Procedure 54(b) seeking entry of a final judgment with respect to the Court's May 12, 2010 dismissal with prejudice of Plaintiffs' pre-March 21, 2005 negligence claims, or alternatively, certifying, pursuant to 28 U.S.C. § 1292 and Rule 5(b) of the Federal Rules of Appellate Procedure,

1

an interlocutory appeal challenging dismissal of those claims. Dkt. No. 20 ("Motion for Leave to Appeal"). For the following reasons, Plaintiffs' Motion is denied.

## II.     BACKGROUND

The Court assumes the parties' familiarity with the facts underlying this action. For a complete statement of those facts, reference should be made to the Complaint and the May Order.

In their Motion for Leave to Appeal, Plaintiffs focus on this Court's treatment of their first cause of action. In that first claim, Plaintiffs assert that Defendants committed professional negligence in their provision of accounting services. Compl. ¶¶ 74-84. The allegedly negligent acts occurred between September 2003 and December 2005. Id. ¶¶ 20-24, ¶¶ 74-84. Plaintiffs assert that cumulatively, this alleged negligence caused them to suffer damages in excess of $3,000,000. Id. ¶ 84.

The Court dismissed this first cause of action after an extended discussion in which it determined that New York's borrowing statute, see N.Y. C.P.L.R. 202, was applicable to this action; that under that statute, New York law provided the applicable statute of limitations *and* discovery and tolling rules, see N.Y. C.P.L.R. 203, 207, 214; the conduct underlying a portion of Plaintiffs' professional negligence claim occurred outside of the statute of limitations and were thus time-barred; and other conduct underlying that claim occurred within the limitations period, but Plaintiffs' pleadings did not allow the Court or a fact-finder to determine which of Plaintiffs' alleged damages were attributable to such conduct. May Order at 7-17. Accordingly, the Court segmented its dismissal of Plaintiffs' claim: it dismissed with prejudice for reason of untimeliness that portion predicated on alleged negligence occurring before March 21, 2005, and dismissed without prejudice that portion predicated on alleged negligence occurring after March 21, 2005,

2

allowing Plaintiffs to re-plead their claim so as to allow for a damage assessment should they be successful in the litigation.  Id.

In finding that New York law controlled with regard to both the statute of limitations and discovery rule and tolling provisions, the Court rejected Plaintiffs' argument that New Jersey's discovery rule should apply even as New York law provided the limitations period.[1]  May Order at 10.  The Court found that "there is no sound reason or applicable precedent given for why this isolated element of New Jersey law should be taken to operate in the present case."  Id.

Plaintiffs now seek certification under Rule 54(b) as to that portion of their professional negligence claim that was dismissed with prejudice, or alternatively, seek leave to appeal the Court's determination that New Jersey's discovery rule is inapplicable to this case.  Mot. for leave to appeal.  Should their request for certification be granted, Plaintiffs plan to petition the Second Circuit Court of Appeals to certify this same issue to the New York State Court of Appeals for definitive resolution of what they characterize as a narrow legal issue of state law.  See Pls.' Mem. in Supp. (Dkt. No. 20-1) at 1.  They further ask for an order staying this litigation pending the disposition of their appeal.  Id. at 16-17.

## III.     CERTIFICATION UNDER RULE 54(b)

Federal Rule of Civil Procedure 54(b) provides, in relevant part, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  FED. R. CIV. P. 54(b).  "Thus, to have a final judgment under the rule, (1) multiple

---

[1] Under the New Jersey discovery rule, Plaintiffs argue that the action did not accrue until they discovered the alleged malpractice, thus tolling the limitations period and making their entire claim timely.  May Order at 10.

3

claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Ginett v. Computer Task Group, 962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis omitted). 28 U.S.C. § 1291 conditions appeal on there being a "final decision," see Acha v. Beame, 570 F.2d 57, 62 (2d Cir. 1978), which is defined as a judgment or order "that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 128 (2d Cir. 2000). A non-final ruling "may not be certified regardless of whether the district court makes the requisite express determination that there is no just cause for delay. This category of 'non-final ruling' includes an order granting or denying summary judgment that only partially adjudicates the claim, or an order dismissing only a portion of a claim." Information Res. v. Dun and Bradstreet Corp., 294 F.3d 447, 451-52 (2d Cir. 2002) (quotation marks and citations omitted).

Rule 54(b) is meant to "preserve[] the historic federal policy against piecemeal appeals." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956). Hence, with respect to the third step of the above inquiry, "[g]enerally, a district court may properly make a finding that there is 'no just reason for delay' only when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997) (quoting Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987)). Additionally, in determining whether a case warrants Rule 54 certification, "a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980); see also Ginett, 962 F.2d at 1095. A district court's

power to enter a final judgment under Rule 54(b) should "be exercised sparingly." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991). Accordingly, "certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated." Id. (quotations and citations omitted)

Plaintiffs assert that "there can be no dispute that the Plaintiffs satisfy the first two prongs of [the above] standard." Pls.' Mem. in Supp. at 5. As to the third prong, they argue that Rule 54(b) certification in this action serves the interests of judicial economy, as it will eliminate the potential for duplicative trial and discovery costs. Id. at 6. Additionally, Plaintiffs contend that certification will not burden the Court of Appeals for the Second Circuit because, upon certification by this Court, they intend to move to have the Second Circuit certify to the New York Court of Appeals, what they characterize as a narrow legal issue of first impression that is central to this action, namely the proper application of the N.Y. C.P.L.R. 202 borrowing statute. Id. at 6-9.

Defendants contest each of Plaintiffs' arguments. They assert that the Court has not issued a "final decision" as to Plaintiffs' professional negligence claim since other conduct contained in that same claim remains to be litigated. Defendants argue that the Court has an ongoing role in determining the merits of Plaintiffs' first cause of action, that the claim is not "final" for purposes of 28 U.S.C. § 1291, and certification, therefore, must be denied. Opp'n Mem. (Dkt. No. 22) at 10-14. Next, Defendants note that judicial economy is only one consideration in a court's determination of whether "there is no just reason for delay;" another important consideration is whether an immediate appeal would alleviate some degree of hardship. Id. at 14 (citing Ansam Assoc. Inc., v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985) for the proposition that judicial economy alone is an insufficient basis for Rule 54(b) certification). Defendants emphasize that Plaintiffs provide no

reason why they would suffer hardship absent certification.  Id. at 15.  Finally, Defendants assert that judicial administration is best served by allowing the litigation to reach full resolution before appellate review occurs.  Id. at 15-16.

The Court finds Rule 54(b) certification inappropriate in this action.  Clearly, this case involves multiple claims, and therefore Plaintiffs meet the first condition for certification.  But, their request fails at the second and third steps of the inquiry.  First, no final decision of Plaintiffs' professional negligence claim has issued.  In its May Order, the Court dismissed with prejudice that portion of Plaintiffs' first cause of action arising from allegedly negligent conduct occurring before March 21, 2005, as the Court found untimely any request for relief from such alleged conduct.  The Court dismissed the remainder of the professional negligence claim without prejudice because Plaintiffs' Complaint sufficiently alleged a plausible claim for relief, but the damages attributable solely to the post-March 21, 2005 could not be discerned from the pleadings.  May Order at 13-16.  The Court's decision "only partially adjudicates the claim" and "dismiss[es] only a portion of a claim."  Informational Res., 294 F.3d at 451-52 (citations omitted).  Thus, it is a non-final ruling over which the court of appeals is without jurisdiction to hear an appeal.  Id.; see also Byrne v. Telesector Res. Grp., Inc., No. 04-CV-076S, 2007 WL 2403721, at *2 (W.D.N.Y. Aug. 20, 2007) (finding Rule 54 certification improper where discrimination claim was partially dismissed because "it is the entire claim, not discrete allegations therein, that must be finally disposed of on the merits").  Additionally, those portions of Plaintiffs' claim that are timely and which Plaintiffs have been granted leave to re-plead, raise the same or closely related issues to those which the Court dismissed.  The fact that such issues remain to be litigated makes certification at this stage improper.  See Harriscom Svenska, 947 F.2d at 629.

The lack of finality is sufficient on its own to deny certification. Informational Res., 294 F.3d at 451-52. Here, however, other than reciting the potential costs of duplicative discovery and retrial, Plaintiffs fail to show that "there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" Cullen, 618 F.2d at 228 (quoting Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978)).

For these reasons, certification under Rule 54(b) of the portion of the May Order dismissing the pre-March 21, 2005 professional negligence claims is denied.

## IV.   INTERLOCUTORY APPEAL

28 U.S.C. § 1292 states, in part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). That section provides "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). "[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Plaintiffs argue that the correct application of New York's borrowing statute, see N.Y. C.P.L.R. 202, presents just such "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Pls.' Mem. in Supp. 10-16.

The Court, however, is unconvinced, and notes that Plaintiffs have failed to point to a single case in which any court applying New York State's borrowing statute has mixed one jurisdiction's statute of limitations with elements of another jurisdiction's law that would impact that statute. See Pls.' Mem. in Supp. at 13-14.

The Court's May Order essentially foreclosed Plaintiffs' argument that substantial grounds for disagreement exist as to whether New Jersey's discovery rule should be applied to toll New York's three year statute of limitation. After finding that, on the facts presented, New York rather than New Jersey law supplied the applicable statute of limitations, the Court rejected Plaintiffs' claim that New Jersey's law should, nevertheless, define the date of accrual of that claim. The Court wrote that "[n]ot only would such a result directly conflict with the policy of N.Y. C.P.L.R. 202, but there is simply no sound reason or applicable precedent given for why this isolated element of New Jersey law should be taken to operate in the present case." May Order at 10.

In support of their instant Motion, Plaintiffs still have not offered any sound reason or applicable precedent on this issue. Rather, they assert that the issue is one of first impression and thus, substantial grounds for disagreement exist as to the correctness of the Court's treatment of this issue. First, as Plaintiffs acknowledge, see Pls.' Mem. in Supp. at 13, the fact that an issue is one of first impression does not alone justify interlocutory review. In re Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996). More pertinently, this issue is not one of first impression.

When faced with actions filed by a non-resident plaintiff, New York courts routinely and consistently apply the borrowing statute embodied in N.Y. C.P.L.R. 202. The fact that the Plaintiffs are unable to point to an example of a court applying that statute and determining that one jurisdiction's law establishes the limitations period and yet another's supplies the tolling and

8

discovery rules does not make this an issue of first impression. Rather, it illustrates the consistent application of New York's borrowing statute and the soundness of the Court's prior determination.

Under N.Y. C.P.L.R. 202, where an action is brought by a non-New York resident on a cause of action that accrued outside of New York, a court must compare the applicable statutes of limitations under New York law and the state where the cause of action accrued; a court considers each limitations period with its concomitant extensions and tolls, and if the plaintiff's suit is barred under either, it is untimely. See Cantor Fitzgerald v. Lutnick, 313 F.3d 704, 710 (2d Cir. 2002); Stuart v. Am. Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998); see also Smith Barney, Harris Upham & Co. v. Luckie, 85 N.Y. 2d 193, 207 (1995) ("In borrowing the foreign statute, [a]ll the extensions and tolls applied in the foreign state must be imported with the foreign statutory period, so that the *entire* foreign statute of limitations . . . applie[s], and not merely its period") (internal quotation marks and citation omitted) (alterations and emphasis in original); Childs v. Brandon, 60 N.Y.2d 927 (1983) (claim accruing in Alabama is not untimely where it is brought within New York's limitations period and the shorter period provided for by Alabama after accounting for Alabama's tolling provisions); Portfolio Recovery Assocs., LLC v. King, 14 N.Y.3d 410, 416 (2010) (finding first that Delaware's statute of limitations applies, then recognizing "[t]hat does not end the inquiry, however, because . . . this Court must 'borrow' Delaware's tolling statute to determine whether under Delaware law [plaintiff] would have had the benefit of additional time to bring the action"). Given that this Court's May Order is in accord with the consistent application of New York's borrowing statute, the interlocutory appeal Plaintiffs seek is not warranted. In light of the above findings, the Court also finds no basis to stay this action.

V.  **CONCLUSION**

For the reasons state above, it is hereby

**ORDERED**, that Plaintiffs' Motion for leave to appeal (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:      January 04, 2011
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge