UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD J. ABRAMO; ROBERT V.
BROWN; and JOHN TOMASSETTI;

                Plaintiffs,

   -against-                                            1:09-CV-00269 (LEK/DRH)

TEAL, BECKER & CHIARAMONTE,
CPA's, P.C.; and JAMES W.
DRISLANE, CPA,

                Defendants.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiffs commenced this action in the Supreme Court of New York in Albany County on March 21, 2008. Dkt. No. 1-2. On February 17, 2009, Plaintiffs then served a Complaint on Defendants, asserting claims of professional malpractice, fraudulent misrepresentation, aiding and abetting fraud, aiding and abetting a breach of fiduciary duty, and conspiracy in violation of the Racketeering Influence and Corrupt Organizations Act under section 1962(d) of that Act on February 17, 2009. Dkt. No. 1-5 ("Complaint"). Defendants then removed the action to the United States District Court for the Northern District of New York on March 6, 2009. Dkt. No. 1.

On May 12, 2010, the Court issued a Memorandum-Decision and Order (Dkt. No. 18) ("May 2010 Order"), granting, in part, Defendants' Motion to dismiss Plaintiffs' Complaint. See Dkt. No. 5. To the extent that Plaintiffs' negligence claim was predicated on Defendants' conduct prior to March 21, 2005, the Court found that the claim was time-barred, and dismissed it with prejudice. See May 2010 Order. The Court dismissed Plaintiffs' negligence claim without

prejudice to the extent it was predicated on Defendants' conduct after March 21, 2005, and granted Plaintiffs file an amended complaint. Id.  The Court also dismissed Plaintiffs' remaining claims. Id.

Plaintiffs then filed a Motion for leave to appeal, seeking either (1) entry of a final judgment with respect to the time-barred negligence claims, or (2) certification of an interlocutory appeal challenging dismissal of those claims. See Dkt. No. 20.  The Court denied Plaintiffs' Motion in a Memorandum-Decision and Order issued January 4, 2011.  Dkt. No. 23 ("January 2011 Order").  On January 14, 2011, Plaintiffs filed an Amended Complaint with the Court.  Dkt. No. 24 ("Amended Complaint").

Presently before the Court is Defendants' Motion to dismiss the Amended Complaint in its entirety.  Dkt. No. 25 ("Motion").  Plaintiffs filed an Opposition to this Motion on February 15, 2011, and Defendants filed a Reply on February 22, 2011.  Dkts. No. 26 ("Plaintiffs' Opposition"); 27 ("Defendants' Reply").  For the reasons that follow, Defendants' Motion is denied.

**II.    BACKGROUND**

The Court assumes the parties' familiarity with the facts underlying this action.  For a more complete statement of the facts, reference is made to the May 2010 Order, the January 2011 Order, and the Amended Complaint.

Plaintiffs Richard J. Abramo, Robert V. Brown, and John A. Tomassetti (collectively, "Plaintiffs") are former owners of Tougher Industries, Inc. ("Tougher"), a closely held New York corporation that operated as a general contractor.  Am. Compl. ¶¶ 11-12, 15.  Along with non-party Steven Shaw ("Shaw"), the Plaintiffs obtained all capital stock in Tougher on or around September 22, 2003.  Id. ¶ 14.  Plaintiffs' ownership interest in the company continued until December 31,

2

2005, at which time Plaintiffs sold all of their shares to Shaw.  Id. ¶ 18.  In the intervening period, Plaintiffs held positions on the Tougher board of directors, and Shaw served as the company's president.  Id. ¶¶ 19-20.  According to Plaintiffs, Shaw employed Defendant Teal, Becker, and Chiaramonte, CPA's, P.C. ("TBC") to provide various accounting-related services to Tougher between September 2003 and December 2005.  Id. ¶¶ 21-23.  Plaintiffs further allege that Defendant James W. Drislane, C.P.A. ("Drislane") was the principal accountant providing these services.  Id. ¶ 23.

   On April 7, 2004, Plaintiffs entered into an indemnity agreement with Zurich American Insurance Company and its subsidiary/affiliate Fidelity & Deposit Company of Maryland ("the Surety"), which obligated Plaintiffs, in their individual capacity, to indemnify the Surety from any liability for losses incurred with respect to bonds issued in connection with Tougher projects.  Id. ¶¶ 37, 41.

   Pursuant to an audit of Tougher's finances for the 2004 calendar year, Defendants allegedly provided Plaintiffs with a preliminary consolidated balance sheet and statement of income and earnings for the year on or about April 7, 2005, which stated net income of $143,694 and accounts receivable of approximately $13,000,000.  Id. ¶¶ 49-54.  Next, Defendants are alleged to have provided Tougher and Plaintiffs with a preliminary 2004 report on April 20, 2005, which listed a net loss of $95,538 and a similarly high level of accounts receivable.  Id. ¶¶ 55-58.  Acting in reasonable reliance on the reports and Defendants' subsequent assurances of the accuracy of such reports, Plaintiffs allege that they allowed the Surety to issue additional bonds in connection with new construction jobs taken on by Tougher in May and June of 2005 ("May and June 2005 Bonds").  Id. ¶¶ 61-63.

On July 25, 2005, Defendants allegedly issued the final report of their audit of Tougher as of December 21, 2004, reporting substantially similar high levels of accounts receivable of approximately $13,000,000 and net income of $142,462. Id. ¶¶ 66-67. The Complaint further alleges that, on or around September 27, 2005, Defendants reported on Tougher's balance sheet as of June 30, 2005, and stated accounts receivable as now being approximately $8.9 million and net income as $148,337. Id. ¶¶ 72-73. Plaintiffs claim that Defendants knew or should have known that Plaintiffs would reasonably rely on each of Defendants' reports and assurances, and that Plaintiffs did in fact reasonably rely on the same. Id. ¶¶ 54, 59, 62-65, 69-71, 74-76.

Plaintiffs allege that, in October 2005, their personal accountant reviewed Tougher's financial records and determined that Tougher's accounts receivable were "grossly overstated, in that nearly $2.9 million of accounts receivable was over 120 days old, $1.6 million was invoiced in 2004 or earlier, and nearly $500,000 had been invoiced in 2003 or earlier." Id. ¶¶ 77-78. Plaintiffs also allege that their personal accountant found that, due to a lack of certain documentation, recognized revenue figures reported by Defendants were overstated by at least $1.4 million. Id. ¶ 80.

After Plaintiffs sold their interest in Tougher to Shaw, Tougher began to default on its obligations under the bond contracts, which resulted in claims being filed against the bonds issued by the Surety. Id. ¶ 88. The Surety has demanded indemnification from Plaintiffs' for losses in excess of $1 million resulting from claims against the May and June 2005 Bonds. Id. ¶ 92. Plaintiffs allege that, had they been apprised by Defendants of the true financial condition of Tougher, they would not have authorized the May and June 2005 Bonds and would have "taken opportunities to avoid further personal exposure and/or to limit existing personal liability to the

Surety." Id. ¶¶ 94-95.

### III.   STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1249. Additionally, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

### IV.   DISCUSSION

**A. Timeliness under New York C.P.L.R. § 205(a)**

Because Plaintiffs filed their Amended Complaint more than six months after the Court dismissed their initial Complaint, the Defendants claim that the Amended Complaint is time-barred by New York Civil Practice Laws and Rules ("C.P.L.R.") § 205(a) ("Section 205(a)"). This argument is without merit.

Under Section 205(a), a plaintiff who timely commenced an action, and whose action was terminated, may, under certain circumstances, file a new action within six months that will also be deemed timely. This provision is designed to prevent a "dismissal, intended as provisional, as the result of some remediable deficiency" from "permanently barring the plaintiff's suit." Hakala v. Deutsche Bank AG, 343 F.3d 111, 115 (2d Cir. 2003).

However, Section 205(a) is inapplicable in the present case, in which an amended complaint was filed in the same action after the Court granted leave to do so. See Butler v. Caldwell & Cook, 142 A.D.2d 962, 962-63 (N.Y. App. Div. 1988) ("the six month period set forth in CPLR 205(a) is inapplicable" where plaintiffs' actions were not terminated and plaintiffs were given leave to amend their complaints in the existing action). In this case, the initial action was never "terminated" – and no "new action" was ever filed – within the meaning of Section 205(a).[1] Indeed, Defendants have failed to cite any cases in which the filing of an amended complaint in the same action was found to be barred under Section 205(a).

Rather, when an amended pleading is filed in the same action, the relevant provision under New York law is C.P.L.R. § 203(f) ("Section 203(f)"). Under Section 203(f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed," unless the claim arose out of a different transaction or occurrence. Id.

---

[1] Defendants argue that the present action was "terminated" by the May 2010 Order, and that a "new action" was commenced when Plaintiffs filed their Amended Complaint. Defs' Reply at 2-5. However, a cursory examination of the record makes clear that all of the pleadings in this case should be considered one "action." Although the case was mistakenly closed on the same date that the May 2010 Order was filed (Dkt. No. 19), the Court made clear that this was a "clerical error" and the action was "reopened." Order reopening case (Dkt. No. 21). Further, in later opposing Plaintiffs' Motion for leave to appeal, Defendants themselves argued that the May 2010 Order was an interlocutory, non-final order. Dkt. No. 22 at 10-16.

6

The Federal Rules contain a similar provision. See FED. R. CIV. P. 15(c) ("An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"); Travelers Ins. Co. v. 633 Third Assoc., 14 F.3d 114, 125 (2d Cir. 1994). Accordingly, the Court finds that Plaintiffs' Amended Complaint should not be dismissed pursuant to Section 205(a), and instead is deemed to relate back to March 21, 2005, the date that the initial Complaint was served on Defendants.

### B. Sufficiency of Plaintiffs' Negligence Claim

Defendants argue that Plaintiffs' Amended Complaint stating a cause of action for negligence should be dismissed because: (1) it continues to assert claims based on negligent conduct that occurred prior to March 21, 2005; (2) it fails to allege facts supporting proximate causation; and (3) Plaintiffs lack standing to bring this claim. For the reasons that follow, the Court rejects each of these arguments.

*1. Failure to Properly Amend Complaint*

First, Defendants claim that Plaintiffs' Amended Complaint continues to assert claims based on alleged negligence that occurred prior to March 21, 2005. However, a plain reading of the Amended Complaint rebuts this argument. Although the Amended Complaint does outline alleged facts and transactions that occurred prior to March 21, 2005, these allegations were presented under the heading "Factual Background." See Am. Compl. ¶¶ 11-50. In contrast, the portion of the Amended Complaint that states a cause of action for negligence and professional malpractice makes clear that the relief sought by Plaintiffs is only based upon alleged negligent acts

7

and malpractice committed by Defendants after March 21, 2005.[2] See Am. Compl. ¶¶ 97-111. Further, Plaintiffs reduced the damages sought from $3 million in the initial complaint to $1 million in the Amended Complaint to reflect the fact that Defendants can only be held liable for conduct that occurred after March 21, 2005.

*2. Proximate Causation*

Second, Defendants claim that Plaintiffs fail to allege facts that would support a finding that Defendants' negligent conduct proximately caused damages to Plaintiffs. Motion at 19-22. The Court notes that Defendants raised this argument unsuccessfully in their Motion to dismiss the original Complaint, and finds that the Amended Complaint similarly cannot be dismissed on this basis.

Under New York law, "a claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury." Estate of Burke v. Peter J. Repetti & Co., 255 A.D.2d 483, 483 (N.Y. App. Div. 1998) (internal quotations omitted). In order to properly show proximate cause, "the damages suffered by plaintiff must be a foreseeable consequence of any misrepresentation or material omission," as when "the risk that caused the loss was within the zone of risk concealed by the misrepresentations

---

[2] To the extent that Defendants are concerned that Plaintiffs are still seeking relief based on alleged negligent acts that transpired prior to March 21, 2005, the Court reiterates its holding in the May 2010 Order that any relief for such claims is time barred. See May 2010 Order; Motion at 19 ("While Amended Complaint ¶¶ 108 and 110 adds that Plaintiffs relied on the accuracy of reports received after March 21, 2005, these short statements do not negate the lengthy exposition of alleged negligence which is alleged to have occurred prior to March 21, 2005 nor does TBC consent to have these issues tried"). Defendant also states that the Amended Complaint alleges fraud in paragraphs 99-102, even though the Court dismissed a fraudulent misrepresentation cause of action in the May 2010 Order. See May 2010 Order; Motion at 19. Again, the Court confirms that the May 2010 Order only allowed Plaintiffs to replead a cause of action sounding in negligence and professional malpractice.

and omissions alleged." Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161, 172-73 (internal quotations and citations omitted).

In this case, Plaintiffs have sufficiently alleged facts to state a claim that Defendants negligently prepared financial statements caused them injury. Plaintiffs allege that, based on their reasonable reliance on the financial reports prepared by Defendants, they had an inaccurate understanding of Tougher's financial situation. Am. Compl. ¶¶ 99-108. As the Court found in the May 2010 Order, "Plaintiffs raise the possibility that they may have had opportunities to [avoid] incurring potential liabilities under the [indemnification] agreement if they had known about the poor financial and operational health of Tougher." May 2010 Order at 14. Accepting all of the factual allegations in the Amended Complaint as true, the Court finds that Plaintiffs' claim of proximate causation is plausible on its face and is adequate to overcome a 12(b)(6) motion to dismiss.[3]

### 3. Standing

Finally, Defendants claim that Plaintiffs have no standing to bring this suit because they are claiming derivative harm to Tougher rather than personal damages. Defendants also raised this argument in their Motion to dismiss the initial Complaint, stating that "[t]o the extent the shareholders allege harm to the company, they have no standing." Dkt. No. 5-3 at 11 (citing Abrams v. Donati, 108 A.D.2d 704, 705 (N.Y. App. Div. 1985)). The Court agrees that "an individual shareholder has no right to bring an action in his own name and in his own behalf for a

---

[3] Because the Court finds that Plaintiffs' Amended Complaint adequately states a claim under the Fed. R. Civ. P. 12(b)(6) standard as expressed in Iqbal and Twombly, it does not reach the issue of whether Plaintiffs' Amended Complaint could instead be measured against the New York state pleading standard, as Plaintiffs argue in their Opposition. See Dkt. No. 26 at 17-20.

wrong committed against the corporation." General Motors Acceptance Corp. v. Kalkstein, 101 A.D.2d 102, 105-06 (N.Y. App. Div. 1984).

However, in this case, the Court finds that the Amended Complaint alleges individual harm to the named Plaintiffs rather than harm to Tougher or the corporate entity. Plaintiffs are not seeking losses to the corporation based on Defendants' alleged negligence. Rather, Plaintiffs claim that they each signed an indemnity agreement that exposed them to personal liability on Tougher's bond obligations. Am. Compl. ¶¶ 41, 110. Plaintiffs further allege that the Surety has demanded indemnification from them for losses in excess of $1 million resulting from claims against the May and June 2005 Bonds. Id. ¶ 92. Taking Plaintiffs' allegations of personal harm and personal liability in the Amended Complaint as factual, the Court denies Defendants' motion to dismiss for lack of standing.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   September 30, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

10